# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GRANADO,<br><br>                           Plaintiff,<br>  vs.<br>CITY OF IMPERIAL et al.,<br><br>                         Defendants. | CASE NO. 15cv435-LAB (PCL)<br><br>**ORDER ON MOTIONS TO DISMISS** |

    Eric Granado alleges that he's a police officer in the City of Imperial and he has served as president of the Imperial Police Officers Association starting in 2011. The Association has voted that it lacked confidence in Miguel Colon as Chief of Police. Granado maintains that in 2014 he reported to the City of Imperial that Colon had failed to investigate an alleged incident involving on duty purchase and consumption of alcohol. In response, Granado alleges, Colon retaliated against him and other officers that voted against him by, among other things, pressuring Granado's supervisor to issue a poor job rating, forging the supervisor's signature on a poor performance evaluation when the supervisor refused to issue one, and denying his requests for interdepartment positions. Granado alleges that City Manager Marlene Best learned of Colon's conduct and called a meeting about it in July 2014. He alleges that Colon and Best are vested with policy-making authority. He sued Colon and Best in their individual and official capacities, the City of Imperial, and the Imperial Police Department. (Docket no. 1.)

1    Defendants seek dismissal of the 42 U.S.C. § 1983 claim against the City of Imperial
2    arguing that Granado hasn't alleged any violation that was based on an official policy or
3    unofficial custom or practice. (Docket no. 4.) They seek dismissal of the claims against the
4    Imperial Police Department arguing it's not a proper defendant. (*Id*.) They seek dismissal
5    of Granado's § 1983 claims against Colon and Best arguing that his allegations against
6    Colon are too vague to state a claim, he alleges no facts to state a claim against Best, and
7    that he can't maintain an individual capacity case against them. (Docket no. 16.)

**Motion to Dismiss Standard**

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court must accept all factual allegations as true and construe them in the light most favorable to Granado. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat the motions to dismiss, Granado's factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level. . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court must draw all reasonable inferences in Granado's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted).

**Discussion**

**City of Imperial**

Defendants argue that the § 1983 claim against the City of Imperial should be dismissed because Granado hasn't alleged a constitutional violation based on an official policy or an unofficial custom or practice, as is necessary to establish liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). (Docket no. 4 at 3–4.) But where a city has delegated its authority to a city official, his or her official actions are considered "edicts or acts [that] may fairly be said to represent official policy" for which the municipality can be held liable. *Monell*, 436 U.S. at 694; *see also Martinez v. City of Imperial*, 2016 WL 245514, at *4 (S.D. Cal. Jan. 21, 2016). Granado's allegations regarding

the City of Imperial's delegation of authority to Colon and Best are sufficient to state a claim for municipal liability. *See Martinez*, 2016 WL 245514, at *4. The motion to dismiss Granado's § 1983 claim against the City of Imperial is **DENIED**.

**Imperial Police Department**

Granado doesn't dispute that the Imperial Police Department is an improper defendant. The motion to dismiss Granado's claims against it is **GRANTED**.

**Individual Capacity Claim Against Colon**

Defendants contend that the § 1983 claim against Colon should be dismissed because the complaint's allegations against him are "vague as to time." But taken in the light most favorable to Granado, the complaint alleges enough facts to state a claim for unconstitutional retaliation. The complaint includes facts regarding his allegedly protected activity, Colon's alleged retaliation, and dates for certain events. Colon can request any additional dates he thinks he needs in discovery. The motion to dismiss the individual capacity claim against Colon is **DENIED**.

**Individual Capacity Claim Against Best**

The only factual allegations regarding Best's involvement in the alleged retaliation against Granado are that she became aware that "matters were coming to a head" and held a meeting. (Docket no 1 at ¶ 17.) These allegations don't support a claim against Best. The motion to dismiss the claim against Best is **GRANTED**, and the individual capacity claim against her is **DISMISSED WITH LEAVE TO AMEND**.

**Official Capacity Claims**

"Official capacity suits [under § 1983] . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (internal quotation marks omitted); *see Brandon v. Holt*, 469 U.S. 464, 472 (1985) (actions of department head in his official capacity akin to actions of municipality itself). "If individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed." *Ochoa v. City of Hayward*, 2014 WL

4088203, at *2 (N.D. Cal. Aug. 19, 2014) (internal brackets and quotation marks omitted). Granado consents to the dismissal of his official capacity claims. (Docket no. 17 at 6 n.1.) Thus, the motion to dismiss them is **GRANTED**.

**Conclusion**

The motions to dismiss (Docket nos. 4 and 16) are **GRANTED IN PART AND DENIED IN PART**. Granado must file an amended complaint that's consistent with this order by February 15, 2016. If he thinks he can amend his allegations to state a cognizable individual capacity claim against Best, he may do so in the amended complaint.

**IT IS SO ORDERED**.

DATED: February 2, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge